UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN HAVERSTICK, | ) |
| | ) |
| Plaintiff, | ) No. 4:16-CV-441 RLW |
| | ) |
| v. | ) |
| | ) |
| J&M SECURITIES, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 4), Plaintiff's Motion to Voluntarily Dismiss With Prejudice (ECF No. 15), and Plaintiff's Motion to Dismiss Defendant's Counterclaims (ECF No. 16). These matters are fully briefed and ready for disposition.

## BACKGROUND

J&M Securities, LLC ("J&M") is a debt collector on behalf of third parties. J&M Securities was hired by Echo Rental Properties LLC ("Echo") to collect a debt owed by Plaintiff Susan Haverstick ("Haverstick") (hereinafter the "Debt").

On or about December 17, 2010, Haverstick signed a residential lease for a property located at 3728 Keokuk, 2nd Floor St. Louis, MO 63116 for a lease term beginning December 17, 2010 and ending April 30, 2012. Haverstick terminated the lease in September 2011. On September 20, 2011, Echo filed a lawsuit in the Missouri Circuit Court for the Twenty-Second Judicial Circuit, *Echo Rental Properties LLC v. Susan Haverstick*, 1122AC14011, seeking possession of the premises and further seeking a monetary judgment against Haverstick for rent

in the amount of $1,045. On November 3, 2011, default judgment was entered in favor of Echo and against Haverstick.

Haverstick alleged in her Complaint that the Judgment entered by the Missouri Circuit Court reflected a $0.00 amount in favor of Echo and against Haverstick. Haverstick alleged that the Missouri Circuit Court entered judgment in favor of her on Echo's claim for monetary damages. However, the Judgment entered by the Missouri Circuit Court actually reflects that the Judgment was "PENDING." (ECF No. 5-4).

On or about August 4, 2015, J&M reported to one or more of the three major credit reporting agencies that Haverstick's Debt had an outstanding balance of $6,202.00, and that the Debt was past due. Haverstick alleged in her Complaint that J&M's reporting of the Debt to one or more of the three major credit reporting agencies misrepresented the character, amount, and/or legal status of the Debt.

Haverstick learned about the allegedly false reporting of the Debt when she was denied for a home equity line of credit because she had "an open collection from J&M Securities in the amount of $6,202."

On March 31, 2016, Haverstick filed an action under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*. On May 2, 2016, J&M filed an Answer, Affirmative Defenses, and Counterclaims. (ECF No. 5). J&M alleged counterclaims for Bad Faith Litigation for Purposes of Harassment In Violation of the FDCPA (Count I) and State Law Claim for Breach of Contract (Count II).

# DISCUSSION

## I. Plaintiff's Claims

Defendant and Plaintiff have both moved to dismiss Plaintiff's complaint with prejudice. Because these motions are not opposed, the Court dismisses Plaintiff's complaint with prejudice.

## II. Defendant's Counterclaims

### A. Standard of Review

To survive a motion to dismiss, a complaint (or, in this case, a counterclaim) "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp., v. Twombly,* 550 U.S 544, 570 (2007). A "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556).

### B. Counterclaim pursuant to §1692k(a)(3)

15 U.S.C. § 1692k(a)(3) provides, "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." Haverstick moves to dismiss J&M's FDCPA counterclaim based upon the inadequacies of its factual allegations. Haverstick argues that J&M's FDCPA counterclaim is "nothing more than a single conclusory allegation that 'Upon information and belief, [the] complaint was filed in bad faith and for the purpose of harassment.'" (ECF No. 17 at 8). Haverstick contends that J&M's claim

should be dismissed because Haverstick has pleaded no set of facts upon which relief can be granted. (ECF No. 17 at 8).

In response, J&M notes that Courts disagree regarding whether claim under §1692k(a)(3) claim should be sought through counterclaim or by a motion subsequent to disposition of the claim against the defendant. (ECF No. 20 at 2 (citing *Rodriguez v. Portfolio Recovery Associates, LLC*, 841 F. Supp. 2d 1208, 1210 (W.D. Wash. 2012)).[1] J&M contends that "[i]f this

---

[1] *Rodriguez v. Portfolio Recovery Associates, LLC*, 841 F. Supp. 2d 1208, 1210–11 (W.D. Wash. 2012) outlined the current state of the law in this area:

> A few courts have allowed § 1692k(a)(3) counterclaims. *See Hylkema v. Palisades Collection, LLC,* C07–1679RSL, 2008 WL 623469 (W.D.Wash. Mar. 4, 2008); *1211 Ayres v. Nat'l Credit Mgmt. Corp.,* Civ. A. No. 90–5535, 1991 WL 66845, at *5 (E.D.Pa. Apr. 25, 1991). However, notably more courts have found that § 1692k(a)(3) should not be pursued as a counterclaim, but should be resolved only after a defendant prevails on the merits. *See, e.g., Kropf v. TCA, Inc.,* 752 F.Supp.2d 797, 798 (E.D.Mich.2010) ("the Fair Debt Collection Practices Act does not create an independent cause of action for attorney's fees"); *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1211 (5th Cir.1985) ("[t]o recover attorney's fees under the FDCPA, the *prevailing* defendant must show affirmatively that the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment") (emphasis added); *Hardin v. Folger,* 704 F.Supp. 355, 356–57 (W.D.N.Y.1988) (dismissing the counterclaim because section 1692k(a)(3) "provides relief, but not a claim, to defendants"); *Kirscher v. Messerli & Kramer, P.A.,* 2006 WL 145162 at *7 (D.Minn. Jan. 18, 2006) (dismissing the defendant's counterclaim, but permitting it to request attorney's fees by a separate motion filed at a later stage in the proceedings); *Young v. Reuben,* 2005 WL 1484671 at *1–2 (S.D.Ind. June 21, 2005) (same); *Allen v. Scott,* 2011 WL 219568 at *2 (N.D.Tex. Jan. 19, 2011) (noting that the "conclusion that § 1692k does not permit a bad faith counterclaim is consistent with the majority of decisions reached by other courts"); *Allers–Petrus v. Columbia Recovery Group, LLC,* C08–5533 FDB, 2009 WL 1160061 at *1 (W.D.Wash. Apr. 29, 2009) ("if a plaintiff brings an FDCPA action *and loses,* subsection 1692k(a)(3) permits the court to award attorney's fees and costs to the defendant") (emphasis added).

Court determines that the appropriate procedure is post-trial motion, then J&M's counterclaim should be dismissed without prejudice.

The Court agrees that the prevailing case law holds that the appropriate procedure is a post-trial motion. Therefore, the Court dismisses J&M's FDCPA counterclaim without prejudice. *See Rodriguez*, 841 F. Supp. 2d at 1210–11.

### C. Breach of Contract Claim

Haverstick argues that this Court should decline to exercise supplemental jurisdiction over J&M's state law counterclaim pursuant to 28 U.S.C. §1367(c)(3). 28 U.S.C. §1367(c)(3) provides: "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction." Because this Court has dismissed Haverstick's Complaint, she argues that the appropriate forum for J&M's state law claim for breach of contract is state court. (ECF No. 17 at 3-4). Therefore, Haverstick contends that this Court should refuse to exercise supplemental jurisdiction over J&M's counterclaim for breach of contract pursuant to 28 U.S.C. §1367(c)(3).

Haverstick also asserts that this Court should decline to exercise supplemental jurisdiction over J&M's counterclaims pursuant to 28 U.S.C. §1367(c)(4). 28 U.S.C. §1367(c)(4) provides: "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Haverstick contends that J&M's counterclaims are state law claims for breach of contract and account stated. (ECF No. 17 at 4). Haverstick contends that her FDCPA claim and J&M's state law debt collection counterclaim are not sufficiently related to form part of the same case or controversy and, therefore, this Court lacks supplemental jurisdiction to hear J&M's counterclaims. (ECF No. 17 at 4-5). Haverstick asks this Court to

dismiss J&M's counterclaims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Haverstick finally argues that, even if her claims and J&M's counterclaims are related, the Court should nevertheless decline to exercise its discretion to hear this case because of judicial economy. (ECF No. 17 at 6-8). Haverstick notes that the FDCPA is a remedial consumer protection statute that is designed to provide a statutory basis for recovery to consumers. Haverstick contends that this Court should not exercise supplemental jurisdiction over J&M's counterclaims because the FDCPA should not provide an opportunity for the debt collector to bring a state collection action into federal court.

The Court declines to exercise supplemental jurisdiction over J&M's state law counterclaim for breach of contract. The Court holds that the breach of contract counterclaim is insufficiently related to her Complaint to support supplemental jurisdiction and that the Court should decline to exercise supplemental jurisdiction over a state law collection action. The Court thereby dismisses J&M's state law claim for breach of contract.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 4) and Plaintiff's Motion to Voluntarily Dismiss With Prejudice (ECF No. 15) are **GRANTED**. Plaintiff's Complaint is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Defendant's Counterclaims (ECF No. 16) is **GRANTED**, in part. Defendant's Counterclaims are **DISMISSED WITHOUT PREJUDICE**.

An appropriate Judgment will be filed herewith.

Dated this 3rd day of November, 2016.

                                                **RONNIE L. WHITE**
                                                **UNITED STATES DISTRICT JUDGE**